UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>DENIS GEORGIYEVICH SOTNIKOV, ET AL.,<br><br>        Defendants. | Case No. 1:20-CV-02784-RMB-JS |

## **FINAL JUDGMENT**

Plaintiff U.S. Securities and Exchange Commission ("Commission") having filed a Complaint on March 13, 2020 and having moved for default judgment on September 10, 2021, and Defendants Denis Georgiyevich Sotnikov ("Sotnikov"), Adaptive Technology LLC, AGQ Business Group LLC, ATL Business Group LLC, BO&SA Corp., DN Industrial LLC, Expert Digital LLC ("Entity Defendants"), as well as the Relief Defendants Natalia Aleksandrovna Mazitova ("Mazitova"), Great Imperial LLC, HRC Clearing House LLC, Inteko Cargo LLC ("Relief Defendants") (collectively the "Defaulting Defendants and Relief Defendants") having been properly served and having failed to answer, plead or otherwise defend this action; a default having been entered against each of the Defaulting Defendants and Relief Defendants on December 23, 2020 (see Clerk's Entry of Default, Dec. 23, 2020, no docket number); the Court having considered the entire record in this case, the Commission's motion for entry of a default judgment and all the pleadings and evidence submitted in support thereof; and the Court having determined that each of the Defaulting Defendants and Relief Defendants is not an infant or incompetent person and is not in the military service of the United States; and for good cause

1

shown, the Court enters the following Order:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over the Defaulting Defendants and Relief Defendants.

2. The Court has subject matter jurisdiction over this matter.

3. Venue is proper in this District.

4. The Commission is a proper party to bring this action seeking the relief sought in the Commission's Complaint.

5. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, the Commission has properly served the Defaulting Defendants and Relief Defendants with process. The Defaulting Defendants and Relief Defendants have had proper notice of this action.

6. As of the date of this Order, the Defaulting Defendants and Relief Defendants have failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered the Default of the Defaulting Defendants and Relief Defendants on December 23, 2020.

8. By their Default, the Defaulting Defendants and Relief Defendants are deemed to have conceded the Complaint's well-pleaded allegations of liability. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Maersk Line v. Americargo Inc.*, No. 17-cv-5742, 2018 WL 3435070, at *2 (D.N.J. July 17, 2018). Thus, the Court finds that the Defaulting Defendants and Relief Defendants committed the violations alleged in the Complaint. The Court finds further that the Defaulting Defendants and Relielf Defendants reaped ill-gotten gains from their misconduct.

9. The Court finds further that it is appropriate to exercise its discretion to enter a permanent injunction against the Defaulting Defendants because there is a substantial likelihood that the Defaulting Defendants will commit future securities violations if not enjoined.

10. The Court further finds that it is appropriate in light of the facts and circumstances of this case to impose one maximum third-tier penalty against Defaulting Defendant Sotnikov for each of the 13 defrauded investors and one maximum third-tier penalty against each of the other Defaulting Defendants, as allowable under Section 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)].

11. The Court's findings are based on the record in this case, the Commission's Motion for Default Judgment and all the evidence submitted in support thereof, including the Declaration of Donato Furlano, the Declaration of James Connor, and the exhibits to those declarations. By perpetrating the fraudulent scheme, the Defaulting Defendants violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C.§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Default Judgment is **GRANTED**.

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defaulting Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or

sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defaulting Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defaulting Defendants and Relief Defendants are liable for disgorgement of their ill-gotten gains resulting from the conduct alleged in the Complaint and supported by the additional evidence that the Commission has submitted in support of its Motion for Default Judgment. Defaulting Defendants and Relief Defendants are also liable for prejudgment interest on the disgorgement:

  a. Defaulting Defendants Sotnikov and DN Industrial LLC are jointly and severally liable for $1,273,800 in disgorgement and $134,342 in prejudgment interest;

  b. Defaulting Defendants Sotnikov and Expert Digital LLC are jointly and severally liable for $200,000 in disgorgement and $18,194 in prejudgment interest;

  c. Defaulting Defendants Sotnikov and BO&SA Corporation are jointly and severally liable for $407,000 in disgorgement and $37,025 in prejudgment interest;

  d. Defaulting Defendants Sotnikov and ATL Business Group LLC are jointly and severally liable for $268,000 in disgorgement and $14,561 in prejudgment interest;

  e. Defaulting Defendants Sotnikov and Adaptive Technology LLC are jointly and severally liable for $22,460 in disgorgement and $1,220 in prejudgement interest;

  f. Defaulting Defendants Sotnikov and AGQ Business Group LLC are jointly and

severally liable for $457,000 in disgorgement and $22,937 in prejudgment interest;

g. Defaulting Relief Defendant Mazitova is liable for $2,000 in disgorgement and $203 in prejudgment interest;

h. Defaulting Relief Defendants Mazitova and Great Imperial, LLC are jointly and severally liable for $236,000 in disgorgement and $13,490 in prejudgment interest;

i. Defaulting Relief Defendant HRC Clearing House LLC is liable for $228,000 in disgorgement and $19,808 in prejudgment interest; and

j. Defaulting Relief Defendant Inteko Cargo LLC is liable for $811,900 in disgorgement and $72,659 in prejudgment interest.

The Court further imposes civil penalties upon Defaulting Defendants in the following amounts pursuant to Section 20(d) of the Securities [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]:

a. Defaulting Defendant Sotnikov is liable for a monetary penalty of $2,535,611;

b. Defaulting Defendant Adaptive Technology LLC is liable for a monetary penalty of $975,230;

c. Defaulting Defendant AGQ Business Group LLC is liable for a monetary penalty of $975,230;

d. Defaulting Defendant ATL Business Group LLC is liable for a monetary penalty of $975,230;

e. Defaulting Defendant BO&SA Corporation is liable for a monetary penalty of $975,230;

f. Defaulting Defendant DN Industrial LLC is liable for a monetary penalty of $975,230;

g. Defaulting Defendant Expert Digital LLC is liable for a monetary penalty of $975,230.

Defaulting Defendants and Relief Defendants shall satisfy their obligation by paying the

amounts owed to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defaulting Defendants and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defaulting Defendants and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defaulting Defendants' or Relief Defendants' name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defaulting Defendants and Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defaulting Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defaulting Defendants and Relief Defendants.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendants and Relief Defendants shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 15, 2021

_____
Hon. Renee Marie Bumb
UNITED STATES DISTRICT JUDGE